UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. WAPPLER,

       Plaintiff,

CASE NO. 1:08-CV-595

v.

HON. ROBERT J. JONKER

N. KLEINSMITH, et. al.,

       Defendant.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION AND DENYING PRELIMINARY EQUITABLE RELIEF

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket #12) filed on August 29, 2008.  Plaintiff filed his Objections to the Report and Recommendation (docket #27) on September 12, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Plaintiff's Request for a Temporary Restraining Order or Preliminary Injunction (docket #5) be denied.  As to Plaintiff's request for a temporary restraining order ("TRO"), the Report and Recommendation concludes that Plaintiff fails to show he will suffer immediate and irreparable injury if the TRO is denied.  As to Plaintiff's request for a preliminary injunction, the Report and Recommendation concludes that Plaintiff failed to comply with the notice requirements of FED. R. CIV. P. 65(a)(1).  Plaintiff objects to the Report and Recommendation on the grounds that (1) notice was proper; (2) Magistrate Judge Brenneman used an improper standard in evaluating the requested relief; and (3) Plaintiff has clearly shown a threat of irreparable injury.

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's Objections.  After its review, the Court agrees with the outcome recommended by Magistrate Judge Brenneman to deny preliminary equitable relief

**I. Legal Framework**

Plaintiff receives Kosher meals as part of the Jewish Kosher Meal Program at Ionia Maximum Correctional Facility.  Plaintiff seeks an injunction prohibiting prison officials from searching his Kosher food trays outside his presence.  Plaintiff alleges that Defendants' actions violate his rights under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

A plaintiff seeking a TRO or preliminary injunction bears a heavy burden. Such relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). In considering a request for preliminary relief, the Court engages in a four factor balancing test. *Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). The Court considers:

> (1) Whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."

*Id.* Additionally, where a prisoner seeks an order enjoining state prison officials, the Court must proceed with caution and due deference to the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 132, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Ultimately, the decision over whether to issue a TRO or preliminary injunction is a matter left to the district court's discretion. *See Rock & Roll Hall of Fame*, 134 F.3d at 753.

**II. Plaintiff's Request for a Temporary Restraining Order**

In addition to the four-factor balancing test detailed above, the Court must also evaluate Plaintiff's request for a TRO in light of the requirements of FED. R. CIV. P. 65(b)(1)(a), which states that a court may issue a TRO only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adversary can be heard in opposition." In this case, the Report and Recommendation concludes that Plaintiff failed to establish immediate and irreparable injury. The Report and Recommendation does not explicitly address the other factors relevant to the four-factor balancing test.

**A. Likelihood of Success on the Merits**

To prevail on his First Amendment claim, Plaintiff must show that Defendants' actions are not "reasonably related to a legitimate penological interest." *Russell v. Wilkinson*, 79 Fed. Appx. 175, 177 (6th Cir. 2003) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). To prevail on his RLUIPA claim, Plaintiff must show that his "religious exercise was substantially burdened." *Dunlap v. Losey*, 40 Fed. Appx. 41, 43 (6th Cir. 2002); *Baranowski v. Hart*, 486 F.3d 112, 124 (5th Cir. 2007). If Plaintiff can establish a substantial burden on his religious exercise, Defendants' actions still must be upheld if they are the least restrictive means of furthering a compelling governmental interest. *Cutter v. Wilkinson*, 544 U.S. 709, 715-16 (2005); *see also* 42 U.S.C. § 2000cc-1(a).

Plaintiff objects to the Report and Recommendation on the grounds that the Magistrate Judge failed to apply RLUIPA's heightened scrutiny standard in disposing of his request for a TRO. This objection is without merit. Prison security is not only a "legitimate" governmental interest, it is a "compelling" governmental interest. *Hoevenaar v. Lazaroff*, 422 F.3d 366, 369-70 (6th Cir. 2005). Contrary to Plaintiff's assertions, RLUIPA does not alter the longstanding rule that "the Court is to accord great deference to the views of prison administrators and officials." *Id.*; *see also Cutter*, 544 U.S. at 722 ("We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety."). As the Supreme Court noted in *Cutter*, Congress intended that RLUIPA be applied "with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Id.* at 723.

Whether analyzed as a First Amendment or RLUIPA claim, Plaintiff fails to show a "strong" or "substantial" likelihood of success on the merits because he has not established that there is a less

restrictive way of ensuring the same degree of penological security. At this stage of the proceeding, the Court is unwilling to substitute its judgment on the necessary food service procedures for the judgment of the prison officials responsible for maintaining discipline and order at the maximum security prison where Plaintiff is held. Consequently, this factor of the analysis weighs against issuing a TRO.

### B. Irreparable Injury

The Report and Recommendation determined that Plaintiff failed to set forth facts that "clearly show" immediate and irreparable injury will result if his request for a TRO is denied. *Cf.* FED. R. CIV. P. 65(b)(1)(A). Plaintiff objected to this part of the Report and Recommendation on the grounds that the "loss of First Amendment freedoms, for even minimal periods of time unquestionably constitutes irreparable injury." (Objections to Report and Recommendation, docket #27, at 4.) This objection merely assumes what Plaintiff must prove: that Defendants are violating or will violate Plaintiff's First Amendment rights. Absent a showing of substantial likelihood of success on the merits of his First Amendment claim, Plaintiff fails to show irreparable injury. *Cf. Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (stating "*to the extent that* [Plaintiff] *can establish a substantial likelihood of success on the merits of its First Amendment claim*, it also has established the possibility of irreparable harm as a result of the deprivation of the claimed free speech rights") (emphasis added).

### C. Substantial Harm to Others and Public Interest

Given that Plaintiff has failed to show either a substantial likelihood of success on the merits or a threat of irreparable injury, the last two factors of the TRO test do not alter the outcome of this case. *See, e.g., Gonzalez v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)

("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."); *see also In re DeLorean Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) (noting that the district court may decline to analyze all four factors where fewer factors are dispositive of the issue). While an in-depth analysis of these factors is not critical to this case, the Court notes that granting Plaintiff's request for a TRO would force the Court to override the prerogatives of state correctional authorities without significant input or assistance from those responsible for day-to-day security measures at the prison. Public policy and principles of comity militate against such extraordinary action. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) (noting that federal courts should not be "the primary arbiters of what constitutes the best solution to every administrative problem") (internal quotations omitted).

### III. Plaintiff's Request for a Preliminary Injunction

Part III of The Report and Recommendation concludes that Plaintiff's request for a preliminary injunction failed to comply with the notice requirements of FED. R. CIV. P. 65(a)(1). Plaintiff objects to this finding on the grounds that he served a copy of his Motion for Temporary Restraining Order or Preliminary Injunction on Defendants by mail to the Michigan Attorney General, and by interdepartmental mail to Defendant Smith. (*See* Objections to Report and Recommendation, docket #27; *see also* Proof of Service, docket #6.) None of the Defendants had filed a notice of appearance at the time of service, but the Attorney General later appeared on behalf of all defendants. (Notice of Appearance, docket #13; Attorney Appearance, docket ##18, 22, 41.)

Even if the Court assumes that Plaintiff's method of service was valid, Plaintiff still is not entitled to a preliminary injunction for the same reasons that he is not entitled to a TRO. Plaintiff has failed to carry his burden of establishing that he is entitled to the "extraordinary remedy" of a

preliminary injunction, and the Court exercises its discretion to deny the requested relief. *See Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002).

**ACCORDINGLY, IT IS ORDERED** that, except with respect to Part III, the Report and Recommendation of the Magistrate Judge, filed August 29, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (docket #5) is **DENIED**.


Dated:   February 24, 2009            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE