UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL J. WAPPLER,

             Plaintiff,

vs.

N. KLEINSMITH, *et al.*,

             Defendants.

_____/

Case No. 1:08-cv-595

Hon. Robert J. Jonker

**ORDER**

       This matter is before the court on the following matters: Defendants' motion to strike plaintiff's first amended complaint (docket no. 48); Plaintiff's motion for leave to file a verified first amended complaint (docket no. 59); Defendants' motion to stay discovery (docket no. 61); Plaintiff's motion to join Gordon Stockenauer and Todd Reichert as additional plaintiffs (docket no. 65); Plaintiff's motions to compel discovery with respect to defendants Kleinsmith, Wyma, Lewis, Lahr and Schluckbier (docket nos. 81, 88, 93, 98 and 100); Plaintiff's "motion to limit defendant's dispositive motion to issue of immunity" (docket no. 71); Defendants' motion for summary judgment (docket no. 83); Plaintiff's motion for an extension of time to file a response to defendants' motion for summary judgment (docket no. 86); and, Plaintiff's "motion to file exhibits 15, 16, 17 and 18 in support of plaintiff's partial affidavit and answer in opposition to defendant's motion for summary judgment under seal" (docket no. 95).

### I.     Defendants' motion to strike plaintiff's first amended complaint and plaintiff's motion to file the first amended complaint.

After conducting an initial review of plaintiff's original complaint pursuant to 28 U.S.C. §§  1915(e), 1915A and 1997e(c), the court ordered service of the complaint on defendants N. Kleinsmith, Nanette Norwood, Unknown Wohlfert, John Schluckbeir, Unknown McQuillan, Unknown Lahr, Gerry Wyma, Gary Lewis, Roger Groves, Unknown Petit, J. Prelesnik, the State of Michigan, the Michigan Department of Corrections, and Willie O. Smith.  *See* docket nos. 4, 30, 31, 32, 33.  Before these defendants filed an answer or otherwise responded to the complaint, plaintiff filed an amended complaint naming 19 additional defendants: David L. Case, Thomas Lee, Jim Armstrong, Erica Huss, Michael Patrick, Carol Foy, J. Waters, A. Vroman, M. Sayles, Gregory Dill, Unknown Austin, Betty Goodson, K. Wood, Pamela D. Richardson, Dave Burnett, M. Breedlove, Phillip Patterson, Unknown Dick, and Patricia Caruso.  *See* docket no. 37.

Plaintiff filed his amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A), which allows a party to amend its pleading once as a matter of course before being served with a responsive pleading.  Defendants have moved to strike the First Amended complaint for failure to comply with the joinder requirements of Fed. R. Civ. P. 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Defendants cite *Keller v. University of Michigan*, 411 F. Supp. 1055 (E.D. Mich. 1974), in which the court held that a plaintiff could not avoid the joinder requirements of Rule 21 by filing an amended complaint under Rule 15(a):

> In the instant case, plaintiffs have attempted to add new defendants in the course of amending their Complaint.  Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleadings once as a matter of course at any time before a responsive pleading is served.  However, the proper procedure to add parties would still have been to request leave of this Court pursuant to Rule 21.

*International Bro. of Teamsters v. American Fed. of Labor*, 32 F.R.D. 441 (E.D. Mich.1963).  *See* Wright and Miller, Federal Practice and Procedure, § 1688.

*Keller*, 411 F. Supp. at 1057.  *See also, Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) ("[a]lthough Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a responsive pleading is served, here, the plaintiff's requested amendment required leave from the court because it sought to assert claims against additional defendants").

However, the Sixth Circuit recently rejected this view in *Broyles v. Correctional Medical Services, Inc.*, No. 08-1638 (6th Cir. Jan. 23, 2009), a decision originating in this district, providing in pertinent part as follows:

> This Circuit has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action.  However, this Court has noted that Rule 15(a) gives plaintiffs an "absolute right" to amend a complaint before a responsive pleading is served, [*Pertuso v. Ford Motor Credit Co.*, 233 F. 3d 417, 421 (6th Cir. 2000)], and has emphasized that "Rule 15 plainly embodies a liberal amendment policy," *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).  Therefore, Rule 15(a) permits a plaintiff to file an amended complaint, without seeking leave from the court, at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading . . .").  Accordingly, we conclude that the district court abused its discretion in striking the amended complaint for failure to seek leave from the court.

*Broyles*, slip op. at 5.  For the reasons expressed in *Broyles*, the court concludes that plaintiff's first amended complaint was properly filed pursuant to Fed. R. Civ. P. 15(a)(1)(A).[1]

Accordingly, defendants' motion to strike the first amended complaint (docket no. 48) is **DENIED**, and plaintiff's motion for leave to file the first amended complaint (docket no. 59)

---

[1] The court notes that defendants could have avoided the application of Fed. R. Civ. P. 15(a)(1)(A), and reserved their right to contest the propriety of plaintiff's first amended complaint by filing an answer to the original complaint.

is **DENIED** as moot.  The first amended complaint (docket no. 37) is deemed  filed as of October 16, 2008.

> II.     **Defendants' motion for summary judgment; plaintiff's motion for joinder; plaintiff's motion to limit defendants' dispositive motion; plaintiff's motion for an extension of time; and plaintiff's motion to file affidavits under seal.**

The filing of the first amended complaint changes the nature of plaintiff's action.  "A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476, pp. 556-57 (2nd ed. 1990).  "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."  *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).  "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward" and "wipes away prior pleadings." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).  *See also B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008) ("a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints'") (*quoting Drake v. City of Detroit*, 2008 WL 482283 at *2 (6th Cir. Feb. 21, 2008); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) ("Plaintiff's first amended complaint, not his original complaint, was the legally operative complaint . . .") (*citing In re Atlas Van Lines* and *Massey*).

Here, plaintiff's 359-paragraph first amended complaint has superceded his  220-paragraph original complaint, and rendered the original complaint "without any legal effect."  *In re Atlas Van Lines, Inc.*,  209 F.3d at 1067.  "Because the original complaint has been superseded and

nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008). *See, also, Principal Manufacturing Corporation v. Epsey & Associates*, No. 1:08-cv-393, 2009 WL 483901 at *2 (S.D. Ohio Feb. 25, 2009); *LaFountain v. Brevard*, No. 1:08-cv-518, 2009 WL 427245 at *2 (W.D. Mich. Feb. 20, 2009). For these reasons, defendants' motion for summary judgment, which attacks the merits of the claims asserted in plaintiff's original complaint, is moot. Similarly, plaintiff's motions addressing issues related to the motion for summary judgment, as well as his motion to join additional plaintiffs to the claims asserted in his original complaint, are also moot.

Accordingly, plaintiff's motion to join Gordon Stockenauer and Todd Reichert as additional plaintiffs (docket no. 65), plaintiff's "motion to limit defendant's dispositive motion to issue of immunity" (docket no. 71), defendants' motion for summary judgment (docket no. 83); plaintiff's motion for an extension of time to file a response to defendants' motion for summary judgment (docket no. 86), and, plaintiff's "motion to file exhibits 15, 16, 17 and 18 in support of plaintiff's partial affidavit and answer in opposition to defendant's motion for summary judgment under seal" (docket no. 95) are **DENIED** as **MOOT**.

### III.    Defendants' motion to stay discovery and plaintiff's motions to compel

To date, the record reflects that plaintiff has served 217 discovery requests on five defendants: N. Kleinsmith (15 interrogatories, 26 requests for admissions, and 16 requests to produce documents); Gerry Wyma (16 interrogatories, 16 requests for admissions, and 8 requests to produce documents); Gary Lewis (21 interrogatories, 10 requests for admissions, and 23 requests to produce documents); Travis Lahr (17 interrogatories, 11 requests for admissions, and 5 requests

to produce documents); and John Schluckbier (17 interrogatories, 11 requests for admissions, and 5 requests to produce documents). These discovery requests are far in excess of the written discovery typically allowed in a general civil case in this court. Defendants seek to stay discovery in this matter pending the court's decision regarding their motion for summary judgment. Plaintiff has filed motions to compel discovery from Kleinsmith, Wyma, Lewis, Lahr and Schluckbier.

Plaintiff's first amended complaint, which names an additional 19 defendants, is subject to judicial review under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), which provides that the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). There is no reason for the parties to engage in discovery until the court has reviewed the first amended complaint pursuant to the PLRA. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"). After plaintiff's amended complaint is screened and any new parties are served, the court will issue a case management order to regulate discovery in this action.

Accordingly, defendants' motion to stay discovery (docket no. 61) is **GRANTED** and plaintiff's motions to compel discovery from defendants Kleinsmith, Wyma , Lewis, Lahr and Schluckbier (docket nos. 81, 88, 93, 98 and 100) are **DENIED** without prejudice. Discovery is **STAYED** pending further order of the court.

**IT IS SO ORDERED.**


Dated:  March 12, 2009                    /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge