UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. WAPPLER,

                Plaintiff,

vs.

N. KLEINSMITH, *et al.*,

                Defendants.

_____/

Case No. 1:08-cv-595

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a pro se civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has filed a 98-page first amended complaint (docket no. 37) containing 359 paragraphs. Upon review of this pleading, the court concludes that this pleading violates the requirements of Fed. R. Civ. P. 8 and should be dismissed without prejudice.

      **I.**      **Discussion**

Fed. R. Civ. P. 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." These pleading requirements are for the benefit of both the parties and the court. The statement of a claim in a pleading should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Alan Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 709 (3rd Ed. 2004). The statement of a claim in a pleading should be plain "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the

claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988).

"What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 *Federal Practice and Procedure* § 1217, at 240-41.  As the court observed in *Schied v. Daughtrey*, No. 08-14944, 2008 WL 5422680 (E.D. Mich. Dec, 29, 2008):

> When cases are not pleaded "clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir.1996).  When faced with voluminous pleadings, "neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange."  *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971).

*Schied*, 2008 WL 5422680 at *1.

When a complaint fails to comply with the requirements as set forth in Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or strike such parts as are redundant or immaterial.  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2nd Cir. 1995).  If the court dismisses the complaint for failure to comply with Rule 8, then, as a general rule, it should give the plaintiff leave to amend.  *Id.* at 86-87.  *See also Schied*, 2008 WL 5422680 (dismissing pro se plaintiff's complaint sua sponte before screening under the PLRA and granting him leave to file an amended complaint that complies with Rule 8); *Soprych v. AFF Enterprises, Inc.*, No.  08-C-2297, 2008 WL 4542995 (N.D. Ill. April 24, 2008) (court has authority to strike complaint sua sponte for failure to comply with Rule 8(a)(2), and grant leave to plaintiff to file a rule-complaint amended

2

complaint); *Young v. Burd*, No. 07-cv-950, 2007 WL 1456102 at *1-2 (D. Colo. May 15, 2007) (same); *Marshall v. United Nations*, No. Civ. S-05-2575, 2006 WL 1883179 at *2-4 (E.D. Cal. July 6, 2006) (same).

Here, plaintiff has filed a first amended complaint, which is 98 pages long, and contains 359 paragraphs alleging 11 separate federal claims and a variety of state claims. This pleading contains a mind-boggling collection of evidentiary minutiae, arguments, conclusory statements, conspiracy theories and sheer speculation regarding the actions and alleged motives of over 30 defendants. Many paragraphs in the pleading contain multiple allegations against multiple defendants, which would make it virtually impossible for defendants to formulate a coherent answer.

It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haine*, 404 U.S. at 520. Nevertheless, a pro se litigant, whether plaintiff or defendant, is required to follow the law, and assumes the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000). "Pro se litigants are required to follow the rules of civil procedure and easily-understood Court deadlines." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).

Based on these considerations, the court concludes that plaintiff's first amended complaint fails to comply with the requirements of Fed. R. Civ. P. 8. The court-provided prisoner civil rights complaint form for a § 1983 claim is four pages long. While it is unlikely that plaintiff could fit his claim within four pages, plaintiff can submit a short and plain statement of his claims, which contains simple, concise and direct allegations. To echo the court in *Schied*, "Federal lawsuits cannot proceed on the basis of complaints such as Plaintiff's." *See, e.g,, Kuehl v. F.D.I.C.*, 8 F.3d

3

905 (1st Cir. 1993) (43-page, 358-paragraph complaint was excessive); *Schied*, 2008 WL 5422680 (dismissing complaint consisting 194 pages and 374 paragraphs); *Mactec Engineeringg & Consulting, Inc. v. Synergy Envtl., Inc.*, No. 04-04023, 2005 WL 950605 (E.D. Pa. April 25, 2005) (dismissing "179-paragraph monstrosity" but allowing plaintiff to amend); *Jackson v. Ashcroft*, No. 02-3957, 2004 WL 2674409 (N.D.Ill. Oct.29, 2004) (dismissing a 90-page, 304-paragraph complaint); *Mutuelle Generalle Francaise Vie v. Life Assur. Co. of Pennsylvania*, 688 F. Supp. 386, 389, 391 (N.D. Ill. 1988) (plaintiff's 51-page, 205-paragraph complaint excessive; the court noted that the complaint reads more like a novel or a brief "as it advances evidence, theories and speculation about the events at issue"); *Echols v. Voisine*, 506 F.Supp. 15 (E.D. Mich.1981) (dismissing a pro se plaintiff's complaint when it was 14 pages long and contained 24 pages of attachments).

## II.    Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's first amended complaint (docket no. 37) be dismissed for failure to comply with the requirements of Fed. R. Civ. P. 8 and that plaintiff be granted leave to file an amended complaint in compliance with that court rule.


Dated:  March 12, 2009                                         /s/ Hugh W. Brenneman, Jr.
                                                               HUGH W. BRENNEMAN, JR.
                                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).