UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL J. WAPPLER,

        Plaintiff,

                                        CASE NO. 1:08-cv-595

v.

                                        HON. ROBERT J. JONKER

N. KLEINSMITH, et. al.,

        Defendants.

_____/

## ORDER ADDRESSING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 108), and Petitioner's objection to it (docket # 109). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Petitioner's first amended complaint be dismissed for failure to comply with FED. R. CIV. P. 8. Petitioner objects on the grounds that the

number of defendants and claims in this case requires an unusually lengthy complaint to set forth adequately the basic facts supporting his claimed entitlement to relief. After careful review of Plaintiff's amended complaint, the Court finds that dismissal under Rule 8 is unwarranted.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not necessary, but the complaint must contain more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Factual enhancement may be particularly important where, as here, the plaintiff asserts claims against multiple defendants, many of whom may raise the defense of qualified immunity and some of whom were not directly involved in many of the acts complained of, thus requiring the plaintiff to plead and prove that those defendants acted with an unconstitutional motive in failing to supervise properly other actors under their control. *See id.* at 1948-49.

The Court agrees with the Magistrate Judge that Plaintiff's 98-page, 359-paragraph first amended complaint contains an unnecessary amount of detail. The complaint is long, tedious, and at times difficult to follow. However, the complaint is not incoherent as to the basic theories of relief, and, in light of the Supreme Court's decision in *Ashcroft*, the nature of plaintiff's claims may require an atypical degree of factual enhancement to survive a motion to dismiss. *See* 129 S. Ct. at 1948-49; *Cf. Twombly*, 550 U.S. at 570 (dismissing complaint because plaintiffs failed to include enough factual allegations to "nudge[] their claims across the line from conceivable to plausible"). Under these circumstances, the Court concludes dismissal under Rule 8 is inappropriate at this time.

The Court emphasizes here that its decision in no way intimates that Plaintiff's amended complaint states a valid legal claim against each of the 33 named defendants, or even that each claim

in the complaint survives preliminary review on the merits under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c). To the contrary, in the Court's view there are a number of defendants and claims that are potentially subject to preliminary dismissal for failure to state a claim upon which relief can be granted, or under the initial screen mandated by 28 U.S.C. § 1915A. However, dismissal of these claims and defendants is more properly undertaken on a merits review than under the generalized pleading standards of Rule 8.

**ACCORDINGLY, IT IS ORDERED** that Report and Recommendation of the Magistrate Judge, filed on March 12, 2009, is not accepted, and plaintiff's first amended complaint is sustained against a *sua sponte* Rule 8 challenge.

**IT IS FURTHER ORDERED** that review of the first amended complaint under 28 U.S.C. § 1915A be undertaken forthwith to determine which, if any, of plaintiff's claims is subject to dismissal before service on the newly named defendants.

Dated:    August 13, 2009             /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE