UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL WAPPLER,

        Plaintiff,         Case No. 1:08-cv-595

v.                                     Honorable Robert J. Jonker

N. KLEINSMITH et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On August 13, 2009, the Court issued an order rejecting the Magistrate Judge's Report and Recommendation to dismiss the complaint pursuant to FED. R. CIV. P. 8. However, the Court stated that a review of the first amended complaint (docket #37) under 28 U.S.C. § 1915A would be undertaken to determine which, if any, of Plaintiff's claims is subject to dismissal. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the State of Michigan and the Michigan Department of Corrections because they are immune. Plaintiff's claims against the

remaining Defendant state employees in their official capacities also will be dismissed on immunity grounds. In addition, the Court will dismiss Counts IV (insofar as it concerns the grievance process), VI, VII, X and XI of the complaint for failure to state a claim, which will result in the termination of the following individual Defendants from this action: Klinesmith, Groves, Armstrong, Huss, Waters, Sayles, Goodson, Wood, Richardson, Breedlove and Caruso.

**Discussion**

I.  Factual allegations

Plaintiff filed the instant action on or about June 20, 2008, while he was in the custody of the Michigan Department of Corrections (MDOC). He fully served his sentence and was discharged from the custody of the MDOC on October 7, 2009. Plaintiff's ninety-nine page amended complaint (docket #37) includes seventy pages of factual allegations following by twelve specific legal counts. The amended complaint sets forth detailed allegations regarding alleged violations of Plaintiff's religious rights. Plaintiff claims that he declared Judaism as his religion in 2005 and began attending Jewish religious services at the Cotton Correctional Facility (JCF), where he was incarcerated at that time. Plaintiff was transferred to the Marquette Branch Prison (MBP) in June 2005. Because MBP did not offer Jewish religious services or a kosher diet, Plaintiff was transferred to the Ionia Maximum Correctional Facility (ICF) on March 15, 2006. The events giving rise to Plaintiff's complaint occurred while he was incarcerated at ICF.

In his *pro se* amended complaint, he sues the State of Michigan, the Michigan Department of Corrections (MDOC), MDOC Director Patricia Caruso and Prisoner Affairs Manager James Armstrong. Plaintiff also sues the following ICF employees: Warden Willie O. Smith; Deputy Warden Nanette Norwood; Assistant Deputy Warden of Programs J. Prelesnik; Assistant Deputy

Warden of Housing Erica Huss; Grievance Coordinators N. Klinesmith and M. Breedlove; Inspector Betty Goodson; Special Activities Coordinator Dave Burnett; Resident Unit Officer (unknown) Wohlfert; Sergeants (unnkown) Schluckbier, (unknown) Petit and K. Wood; Officers (unknown) McQuillan, (unknown) Lahr, (unknown) Austin, and Phillip Patterson; Food Service Director Thomas Lee; Acting Food Service Director Michael Patrick; Food Service Workers Gary Lewis, David L. Case, Gregory Dill, and (unknown) Dick; Administrative Assistant Roger Groves; Chaplain Gary Wyma; Classification Director Carl Foy; Assistant Resident Unit Supervisors J. Waters and A. Vroman; Teacher M. Sayles; and Resident Unit Manager Pamela Richardson. Petitioner also sues "John and Jane Doe(s)" and "Unknown Food Stewards" who allegedly violated his constitutional rights.

In Counts I and III of the amended complaint, Plaintiff alleges violations of the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA), Pub. L. No. 106-274, 114 Stat. 803 (2000), 42 U.S.C. §§ 2000cc-1 *et seq*., when he was denied kosher meals, religious materials and the opportunity to participate in group religious services. Count II concerns an alleged violation of the First Amendment Establishment Clause when Defendants made membership in the Alliance for Jewish Renewal (ALEPH) a condition of Plaintiff's ability to practice Judaism, participate in Seder and Passover services, etc. Plaintiff alleges in Count IV that various Defendants thwarted his ability to use the prison grievance process in violation of his First Amendment right of access to the courts and his right to petition the government for redress of grievances. He further claims in Count IV that Defendants retaliated against him for using the grievance process and complaining about the alleged violations of his religious rights. In Count V, Plaintiff alleges that his Eighth Amendment rights were violated when

kosher meal trays were transported and held at unsafe temperatures, which caused him to become sick on several occasions. Plaintiff contends in Count VI that Defendants violated his due process rights by using a "Notice of Intent" to charge him with an alleged theft, rather than charging him with a misconduct, when a misconduct charge would have afforded him the right to an investigation and hearing by an unbiased hearing officer. Plaintiff further alleges in Count VII that he was removed from the kosher diet program in violation of his due process rights. In Count VIII, Plaintiff claims that his Fourteenth Amendment right to equal protection was violated when he was refused a job in food service. Plaintiff alleges in Count IX that his Fourteenth Amendment right to equal protection was violated when prisoners of other religions received religious materials and services, while they were denied to Jewish prisoners. He asserts in Count X that Defendants conspired together to remove him from the kosher meal program. In Count XI, Plaintiff claims that various Defendants conspired to conceal violations of Plaintiff's federally protected rights. Finally in Count XII, Plaintiff alleges violations of state law.

Plaintiff seeks declaratory and injunctive relief, as well as an unspecified amount of compensatory and punitive damages. Additional facts will be provided below as necessary to resolve Plaintiff's claims.

II. Sovereign Immunity

**A. State of Michigan and MDOC**

Plaintiff may not maintain a § 1983 action against the State of Michigan or the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State*

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).[1] Therefore, the State of Michigan and the MDOC are immune from Plaintiff's claims brought under § 1983.

Plaintiff also brings claims against the State of Michigan and the MDOC under RLUIPA. That statute prohibits a state from imposing substantial and unjustified burdens on the religious liberty of state prisoners. It provides in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person --
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

---

[1] In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

42 U.S.C. § 2000cc-1. The Act applies to any penal institution that receives federal financial assistance. *See id.* It defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). Additionally, it provides that "[a] person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a).

In this case, Plaintiff seeks declaratory relief, injunctive relief, and monetary damages. Because Plaintiff was discharged from prison, his RLUIPA claims for declaratory and injunctive relief are rendered moot. *See Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009) (prisoner's claim for injunctive and declaratory relief mooted by his transfer to new facility)*, petition for cert. filed*, 78 U.S.L.W. 3065 (July 22, 2009) (No. 09-109). Moreover, the Sixth Circuit held that because RLUIPA's "appropriate relief" language does not clearly and unequivocally indicate that the waiver extends to monetary damages, the Eleventh Amendment bars Plaintiff's claim for monetary relief under RLUIPA. *Cardinal*, 564 F.3d at 801. Therefore, the Court will dismiss the State of Michigan and the MDOC.

### B. Remaining Defendants

Plaintiff sues all of the remaining Defendants in their official and personal capacities. RLUIPA defines "government" as including States and their agencies and departments, as well as persons acting under color of State law. 42 U.S.C. § 2000cc-5(4)(A). The remaining individual Defendants are employed by the MDOC, and, thus are state employees. Plaintiff's claims against the Defendant state employees in their official capacities are considered claims against the State of Michigan. *See Cardinal*, 564 F.3d at 798 (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Accordingly, any immunity available to the State is available to Defendants in their official capacities. *Id.* For the reasons set forth above, the Defendant state employees are immune from Plaintiff's claims brought against them under § 1983 in their official capacities. Furthermore, Plaintiff's RLUIPA claims against the remaining Defendants for injunctive and declaratory relief are moot and Plaintiff's claims for monetary damages are barred by the Eleventh Amendment. Consequently, Plaintiff's claims against the Defendant state employees in their official capacities will be dismissed. At this juncture, the Court will allow Plaintiff's § 1983 and RLUIPA claims to proceed against the remaining individual Defendants in their personal capacities.[2]

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

---

[2]The Sixth Circuit has not ruled on whether RLUIPA authorizes suits for monetary damages against state officials in their individual capacities. *See Heard v. Caruso*, Nos. 08-1710, 08-1779, 08-1820, 2009 WL 2628293, at *10 n.5 (6th Cir. Aug. 27, 2009).

asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Grievance Process - Count IV

The MDOC provides a three-step administrative grievance process. (*See* MDOC Policy Directive 03.02.130.) Plaintiff filed or attempted to file numerous grievances concerning the claims presented in his amended complaint. Plaintiff makes repeated allegations throughout the amended complaint that Defendants impeded his access to the grievance process by improperly denying or rejecting grievances and grievance appeals, providing false information in grievance responses and thwarting grievance investigations. Plaintiff contends that by impeding his access to the grievance process, Defendants denied his First Amendment right of access to the courts and to petition the government for redress of grievances. Plaintiff further claims that Defendant Smith placed him on modified grievance access for in retaliation for filing grievances in violation of his

First Amendment rights.[3] To the extent Plaintiff asserts other retaliation claims in Count IV that are unrelated to the grievance process, they are not the subject of this opinion and will not be dismissed at this stage of the proceedings.

1. **Due Process**

Plaintiff's claims rest on the assumption that there exists a freestanding constitutional right to file a grievance. The Sixth Circuit has recognized that the filing of a grievance is protected First Amendment conduct for which a prisoner may not be subjected to retaliation. *See Shehee v. Luttrell*, 199 F.3d 295, 300-301 (6th Cir. 1999); *Scott v. Kilchermann*, No. 99-1711, 2000 WL 1434456, at *2 (6th Cir. Sept. 18, 2000). The Court, however, never has held that an inmate has an independent constitutional right to file an institutional grievance, apart from the First Amendment right not to be retaliated against for filing one.[4] In contrast, courts regularly have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907,

---

[3] Under MDOC policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ HH (Eff. July 9, 2007). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ KK.

[4] Plaintiff's retaliation claim will be addressed below in Part III(A)(3).

at *1 (6th Cir. Mar. 28, 1994). Accordingly, Plaintiff fails to state a due process claim against Defendant arising from the grievance process.

2. **Access to the Courts**

Even if Plaintiff was improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing lawsuit) cannot be compromised by his inability to file an institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of "available" administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446-47 (6th Cir. 2005) ("[I]f a grievance officer dismissed a non-frivolous complaint by [Plaintiff], that would be the end of possible administrative remedies with regard to that grievance, and a court would thus have jurisdiction to hear a related federal claim, since all possible administrative remedies would have been attempted."); *see also Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996) (holding that the MDOC's modified access status does not impinge upon plaintiff's First Amendment right to access to courts). Plaintiff, therefore, cannot establish a violation of his First Amendment right of access to the courts.

3. **Retaliation**

Plaintiff also maintains that Defendant Smith retaliated against him for filing grievances by placing him on modified grievance access in violation of his First Amendment rights. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to

set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be retaliated against. *See Smith*, 250 F.3d at 1037; *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). However, placement on modified access does not constitute adverse action that would deter a person of ordinary firmness from exercising his protected rights. *See Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005); *Walker*, 128 F. App'x at 446; *Kennedy v. Tallio*, No. 01-1386, 2001 WL 1176400, at *2 (6th Cir. Sept. 26, 2001); *Corsetti v. McGinnis*, No. 00-1409, 2001 WL 1298830, at *2 (6th Cir. Aug. 7, 2001). Placement on modified access did not deprive Plaintiff of the ability to file proper grievances. The modified access procedure merely enables prison officials to screen a prisoner's grievances before filing in order to determine whether they were grievable, non-frivolous, and non-duplicative. *See Walker*, 128 F. App'x at 446 ("[A]n ordinary person of reasonable firmness would not be deterred from filing legitimate grievances by a policy that merely provided that a grievance officer would screen frivolous grievances."). Because Plaintiff cannot satisfy the "adverse action" requirement, he fails to state a claim for retaliation arising from his placement on modified access.

4. **Summary**

The Court will dismiss Plaintiff's Fourteenth Amendment due process and First Amendment access to the courts claims arising from the grievance process against all of the named Defendants. In addition, the Court will dismiss Plaintiff's First Amendment retaliation claim arising from his placement on modified access. To the extent Plaintiff raises other claims of retaliation in Count IV that are unrelated to the grievance process, they are not dismissed.

B. **Due Process - Counts VI and VII**

Plaintiff claims that he was removed from the Kosher Meal Program on two occasions in violation of his procedural and substantive due process rights. Count VI concerns his first removal from the Kosher Meal Program. Plaintiff claims that on April 23, 2006, Defendant Lahr prepared a falsified Notice of Intent to Conduct an Administrative Hearing (NOI) seeking to remove Plaintiff from the Kosher Meal Program because he stole a cinnamon roll from a non-kosher food tray. Plaintiff claims that by charging him with theft through a NOI rather than through a major misconduct report, he was deprived of the procedural safeguards provided in the misconduct process. For example, Plaintiff was denied a hearing investigator, could not present the video recording and could not present witnesses in his defense. Plaintiff claims that he was permitted to submit a written statement, but no formal hearing was held. (Amend. Compl., ¶ 145.) On May 3, 2006, Defendant Vroman issued an administrative hearing report affirming Defendant Larh's allegations and removing Plaintiff from the kosher diet program. Plaintiff contends that Defendant Vroman and Lahr's conduct violated his substantive and procedural due process rights.

Count VII concerns Plaintiff's second removal from kosher diet program. On September 9, 2006, less than one month after Plaintiff's reinstatement to the kosher meal program,

Plaintiff was notified by a corrections officer that Defendant Wyma had stopped Plaintiff's kosher meals. According to Plaintiff, he never received notice or a hearing regarding the removal. Plaintiff claims that he was removed from the program because Defendant Lahr accused him of drinking non-kosher water. Plaintiff contends that Defendants Lahr, McQuillan, Schluckbier, Burnett, Wyma, Prelesnik, Patrick, Lewis, Dill, Case and the Unknown Food Stewards acting together to remove him from the Kosher Meal Program in violation of his substantive and procedural due process rights.

To establish a procedural due process claim, a plaintiff must demonstrate: (1) a liberty or property interest protected by the due process clause; (2) a deprivation of that protected interest within the meaning of the due process clause; and (3) defendants' failure to afford adequate procedural rights prior to the deprivation. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). A prisoner does not have a protected liberty or property interest in receiving kosher meals. *See Russell v. Wilkinson*, 79 F. App'x 175, 178 (6th Cir. 2003); *see also Treece v. Burnett*, No. 04-cv-110, 2007 WL 2815020, at *7 (W.D. Mich. Sept. 25, 2007) (removal of prisoner from Kosher Meal Program "did not constitute the deprivation of a constitutionally protected liberty or property interest"). To claim a constitutionally protected liberty interest, an inmate must show that the actions of prison officials either had the effect of altering the length or term of imprisonment or amounted to "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The discontinuation of Plaintiff's kosher meals did not amount to an atypical or significant hardship. *See Russell*, 79 F. App'x at 178. Therefore, Plaintiff fails to establish a procedural due process violation.

Plaintiff also brings a substantive due process claim related to his removals from the Kosher Meal Program. Substantive due process protects against state action that is not otherwise

proscribed by the plain text of other constitutional amendments and for which no adequate mechanism for deprivation can exist. *See Ciminillo v. Streicher*, 434 F.3d 461, 465 (6th Cir. 2006) (reasoning that "[a]lleged conduct that does not implicate a constitutional right protected by another amendment will be analyzed under the substantive due process component of the Fourteenth Amendment"). In this case, Plaintiff's substantive due process claim merely restates his First Amendment Free Exercise claim. Where a plaintiff has recourse to an "explicit textual source of constitutional protection," *Graham v. Connor*, 490 U.S. 386, 395 (1989), such as here with his Free Exercise claim, a more general claim of substantive due process is not available. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). Consequently, Plaintiff also fails to state a claim under the substantive due process clause.

In light of the foregoing, the Court will dismiss Counts VI and VII of the complaint for failure to state a claim.

### C. Conspiracy - Counts X and XI

Plaintiff claims in Count X that Defendants Lahr, Vroman, Schluckbier, McQuillan, Lewis, Patrick, Wyma and Prelesnik conspired together to remove him from the kosher meal program. He further alleges in Count XI that Defendants Klinesmith, Norwood, Wohlfert, Schluckbier, Prelesnik, Wyma, Armstrong, Huss, Patrick, Waters, Vroman, Sayles, Goodson, Wood, Richardson, Breedlove, Caruso and Armstrong conspired to conceal violations of Plaintiff's federally protected rights. A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988). To state a claim for

conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102,106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996).

Here, Plaintiff makes only conclusory allegations of a broad-based conspiracy among Defendants to violate his federal rights and to cover-up those violations. "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1196 WL 43541, at *3 (6th Cir. Feb. 1, 1996). Furthermore, a simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. State of Mich.,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995). Because Plaintiff's allegations of conspiracy are vague, conclusory and speculative, he fails to state a claim for conspiracy.

        **D.**    **Dismissal of Individual Defendants for Failure to State a Claim**

            1.    <u>Defendants Groves, Klinesmith, Goodson, Richardson, Wood, Breedlove, Armstrong, Waters and Sayles</u>

Defendants Groves, Klinesmith, Goodson, Richardson, Wood and Breedlove were named only in Counts IV and XI of the amended complaint. The Court concluded above that Counts IV (concerning the grievance process) and XI fail to state a claim upon which relief may be granted. Accordingly, Defendants Groves, Klinesmith, Goodson, Richardson, Wood and Breedlove will be dismissed from this action.

Defendants Armstrong and Waters are named in Counts I, III, IV and XI and Defendant Sayles is named in Counts I, III, IV, VIII, IX and XI of the amended complaint, but the only specific factual allegations against them concern their roles in the grievance process (Count IV). The Court found that Plaintiff's claims concerning the grievance process failed to state a claim. Therefore, Defendants Armstrong, Waters and Sayles also will be dismissed from this action.

### 2. Defendant Caruso

Plaintiff names Caruso, Director of the MDOC, in several Counts of the complaint because she failed to take corrective action in response to his grievances. The Court found that Plaintiff's claims concerning the grievance process failed to state a claim upon which relief may be granted. Plaintiff also seeks to hold Caruso liable for the conduct of her employees at the MDOC. However, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed

to allege that Defendant Caruso engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

### 3. Defendant Huss

While Plaintiff names Defendant Huss in Counts I, III, IV, IX, and XI of the amended complaint, the Court could not locate any specific factual allegations against Defendant Huss in the body of the complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Because Plaintiff fails to make specific allegations against Defendant Huss, he falls short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Moreover, Plaintiff has failed to plead any facts from which the Court could draw the reasonable inference that Defendant Huss is liable for a violation of Plaintiff's federal

rights. *See Ashcroft*, 129 S. Ct. at 1949-50. Accordingly, Defendant Huss will be dismissed for failure to state a claim.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants State of Michigan and the Michigan Department of Corrections will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e, because they are immune. Plaintiff's claims against the remaining Defendant state employees in their official capacities also will be dismissed on immunity grounds. In addition, Counts IV (insofar as it concerns the grievance process), VI, VII, X and XI of the amended complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e, which will result in the termination of the following individual Defendants from this action for failure to state a claim: Klinesmith, Groves, Armstrong, Huss, Waters, Sayles, Goodson, Wood, Richardson, Breedlove and Caruso.

An Order consistent with this Opinion will be entered.


Dated:    February 22, 2010            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE